IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:22-CV-00195-M

HUGH HORTON, DANNY FRYAR, MICHAEL FRYAR, BRANDON FRYAR, BETTY KNITTEL, ROBERT MENCEY, BRYAN SMITH, TRAVIS LOVE, BRAD BYARS, CHARLES PHILLIP GURKIN, JOHN ARCHER, PATRICK MATTHEWS, AND TINA VAUGHAN,

Plaintiffs,

v.

TIMOTHY FUSSELL,

Defendant.

ORDER

This matter comes before the court on Defendant's "Motion to Set Aside Default Judgment," which this court construes as a Motion for Relief under Rule 60 of the Federal Rules of Civil Procedure. DE 45. Defendant contends, consistent with Rule 60(b)(1), that his default in this matter arose from excusable neglect: the alleged withdrawal of counsel,[1] his own confusion about the stay in this litigation, his *pro se* status, and alleged health and financial issues. DE 46. For the following reasons, Defendant's motion is denied.

[1] The court notes that no attorney entered an appearance on behalf of Defendant in this matter. However, Defendant was represented by counsel in another, simultaneous matter based on similar transactions arising out of the same allegedly tortious conduct. Defendant also appears to have been represented by local counsel in the Florida Bankruptcy Proceedings (but not the parallel adversary proceedings).

## I. Background

On November 18, 2022, Plaintiffs filed a complaint against Defendant. DE 1. In short, Plaintiffs allege that Defendant is liable to them for the losses incurred following Plaintiffs' investments at Defendant's allegedly tortious recommendation. DE 1. Defendant was served on December 28, 2022, and therefore obligated to answer the complaint by January 18, 2023. DE 18. Of note, no attorney entered an appearance on behalf of Defendant at any point. By January 26, Defendant had not answered, and the Clerk of the Court directed Plaintiffs to proceed in accordance with Rule 55(a) of the Federal Rules of Civil Procedure, DE 19—which Plaintiffs did, moving for entry of default on February 15, 2023, DE 21.

Defendant still did not respond in any way, and, on March 13, 2023, the Clerk of the Court filed an entered default against him. DE 24. Eleven days later, the court received by mail a suggestion of bankruptcy sent by Robert C. Furr, a Florida-based attorney representing Defendant in his bankruptcy proceedings in the Middle District of Florida. DE 25. The court, consistent with that notice and pursuant to 11 U.S.C. § 362, stayed the matter pending the resolution of Defendant's bankruptcy. DE 26.

Based on the bankruptcy docket, Defendant filed a "Voluntary Petition under Chapter 7," or in other words, he declared bankruptcy on March 8, 2023. Petition, DE 1, *In re: Fussel et al.*, No. 6:23-BK-00857-LVV (2023). On September 18, 2023, Plaintiffs filed a complaint in the bankruptcy proceeding, initiating a parallel, adversary proceeding.[2] A summons issued on September 21, and Defendant was obligated to respond by Monday, October 23, 2023. Summons, DE 2, *Horton et al. v. Fussell*, No. 6:23-AP-00117 (2023). Defendant, proceeding *pro se* in the

---

[2] An adversary proceeding before a bankruptcy court is matter parallel to the main bankruptcy proceeding in which creditors seek to prevent specific debts from being discharged at the conclusion of the bankruptcy. *See* Fed. R. Bankr. P. rr. 7001–87.

adversary proceeding, did not file a response on the docket. Instead, on Friday, October 20, 2023, the bankruptcy court entered a stipulated judgment which, based on the parties "mutual agreement," excepted from the bankruptcy discharge any debts arising from Defendant's liability in this matter. Stipulated Final Judgment, DE 4, *Horton et al.* That stipulated judgment now forms the basis of Plaintiff's response to the instant motion.

Because the adversary proceeding resulted in the exception of the relevant debts from the bankruptcy discharge, the court lifted its stay in this matter on April 16, 2024. DE 29. On August 9, 2024, Plaintiffs moved, once again, for a default judgment as Defendant had still neither responded to the operative complaint nor filed any documents in the case. DE 33. Defendant's response to Plaintiffs' motion for default was due by August 30, 2024. Instead, on October 16, 2024, Defendant filed a notice of self-representation, and eight days later, on October 24, Defendant filed a motion to stay—arguing that because his "bankruptcy case remain[ed] active, and a discharge ha[d] not yet been granted," this court's automatic stay remained in effect and any further action would violate it. DE 37. In their response, Plaintiffs highlighted the court's order lifting the stay following the resolution of the adversary proceeding. DE 41. On January 14, 2025, this court denied Defendant's motion and, again, reminded him that no stay remained in effect. DE 42. Almost two months later, on March 18, 2025, still with no responsive pleading from Defendant, the court granted Plaintiffs' motion for default judgment. DE 43.

Thus, over the course of the 851 days between November 18, 2022, and March 18, 2025, Defendant filed no responsive pleading. He did not file one upon the inception of this matter; he did not file one in the adversary proceeding following his own petition for bankruptcy; and he did not file one upon the return to this court. Even limiting the relevant period to that following Defendant's notice of self-representation, DE 36, Defendant still had almost five months in which

to file any responsive pleading on the merits. He did not, despite filings from Plaintiffs and an order from the court explaining that the litigation was not stayed—thus putting Defendant on notice of the risk of default.

Almost two months after this court's order granting default judgment, on May 12, 2025, Defendant filed the instant motion. DE 45. As summarized above, Defendant contends that his default was due to excusable neglect: the alleged withdrawal of counsel, his own confusion about the stay in this litigation, his *pro se* status, and alleged health and financial issues. DE 46. Regarding the ordered stay, Defendant contends that he was "unaware of [his] post-stay obligations due to health issues, financial constraints, and pro se status." DE 46 at 1. He, additionally, alleges that he "believed the bankruptcy stay protected him," and that he was "prevent[ed]" from responding by various personal matters. DE 46 at 3. Defendant additionally argues that he has "meritorious defenses" in this matter, DE 45, i.e., that certain of Plaintiffs' claims are "time barred," that Defendant is "indemnified" pursuant to alleged indemnification clauses in the relevant agreements, and that Defendant has certain "factual disputes." DE 46 at 1. Defendant then requests that this court vacate its judgment and "grant leave to file an Answer or responsive pleading." DE 46 at 4.

In response, Plaintiffs decline to address Defendant's affirmative arguments and instead highlight the stipulated final judgment from their adversarial proceeding in Defendants' bankruptcy. DE 47. In reply, Defendant reminds the court that "the Fourth Circuit favors merits-based resolutions," DE 48 at 1, contends that he "does not recall consenting to the Stipulated Final Judgment and has no written communications evidencing agreement," DE 48 at 2, and, consistent with this court's order in *Johnson v. Fussell*, No. 7:21-cv-00196, argues that the stipulated judgment "lacks preclusive effect," DE 48 at 2.

## II. Legal Standards

Rule 60(b) authorizes courts to "relieve a party or its legal representative from a final judgment, order, or proceeding" for several enumerated reasons. Fed. R. Civ. P. 60(b). These reasons include "mistake, inadvertence, surprise, or excusable neglect, [or] . . . any other reason that justifies relief." Rule 60(b)(1), (6). Motions under Rule 60(b) must be made within a reasonable time. Rule 60(c)(1). "But for some, including motions under Rule 60(b)(1), that 'reasonable time' may not exceed one year." *Kemp v. United States*, 596 U.S. 528, 533 (2022) (citing Rule 60(c)(1)).

"The consideration of motions under Rule 60(b) proceeds in two stages." *Nat's Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993). First, a moving party must meet three threshold criteria by showing that (1) "his motion is timely"; (2) "he has a meritorious defense to the action"; and (3) "the opposing party would not be unfairly prejudiced by having the judgment set aside." *Park Corp. v. Lexington Ins. Co.* 812 F.2d 894, 896 (4th Cir. 1987). "If the moving party makes such a showing, he must then satisfy one or more of the six grounds for relief set forth in Rule 60(b) in order to obtain relief from judgment." *Id.* In evaluating whether a movant has satisfied one of these grounds, Rule 60(b) is "to be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). As such, the Fourth Circuit has instructed that "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Id.* Still, the disposition of a Rule 60(b) motion "is a matter which lies largely within the discretion of the trial judge." *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967); *see also Aikens v. Ingram*, 652 F.3d

496, 501 (4th Cir. 2011) ("We review the district court's ruling on a 60(b) motion for abuse of discretion[.]").

## III. Discussion

As an initial matter, Defendant's motion is untimely. Default was entered against Defendant on March 13, 2023. DE 24. Defendant filed his motion more than two years later, on May 12, 2025. DE 45. As such, the motion is improper, and this court is under no obligation to consider it. However, given Defendant's *pro se* status and the fact that Defendant filed the instant motion with a year of his first appearance, the Court will address the merits of Defendant's motion. As explained above, Defendant advances three meritorious defense arguments: that certain of Plaintiffs' claims are "time barred," that Defendant is "indemnified" pursuant to alleged indemnification clauses in the relevant agreements, and that Defendant is otherwise entitled to "equitably shift liability." DE 46 at 1. The court is unconvinced that Defendant has shown that any of these theories will provide a meritorious defense.

Defendant contends that Plaintiffs' 2018 negligence claims and securities-related claims from prior to November 11, 2019, are barred under the applicable statutes of limitations. Defendant fails to meet his burden of explaining how these statutes bar Plaintiffs' claims.

With respect to the negligence claims, Defendant points to N.C. Gen. Stat. § 1-52, which prescribes a three-year limitation on certain lawsuits, including those for "personal injury." N.C. Gen. Stat. Ann. § 1-52(16). However, as that statute indicates, claims for negligence do not toll the statute of limitations until "the last act or omission of the defendant giving rise to the cause of action" has occurred. *Id.* Defendant has not explained when this limiting period should be tolled and instead seems to believe that his conduct prior to November 2019 is automatically protected under the statute of limitations. That is not so.

Regarding Plaintiffs' securities-related claims, Defendant identifies N.C. Gen. Stat. 78A-56(f), which prescribes a two-year limit for lawsuits brought under section 78A-24 or section 78A-36 and a three-year limit, beginning when "the person discovers facts constituting the violation," for all other claims. N.C. Gen. Stat. Ann. § 78A-56(f). Plaintiffs allege that Defendant sold them securities "by means of untrue statements of material fact and omissions to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading." DE 1 ¶ 206. That claim is best understood as arising under sections 78A-8(1) and 78A-8(3), which make it unlawful "in connection with the offer, sale or purchase of any . . . [t]o employ any device, scheme, or artifice to defraud," *id.* § 78A-8(1), and to "engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person," *id.* § 78A-8(3). Defendant has not explained how Plaintiffs' claims are untimely under the applicable three-year statute of limitations.

Defendant also contends that Plaintiffs' claims are barred by indemnification clauses in two of the relevant stock purchase agreements—offering those contracts as exhibits to his motion. However, Defendant misunderstands the nature of those clauses. Indemnification clauses are not liability waivers, and in this case, through the relevant clauses, Plaintiffs have allegedly agreed to indemnify the corporations for any losses suffered by the corporations based on *Plaintiff's* misconduct. *See* DE 46-2 at 4 ("Purchaser agrees to indemnify and hold harmless the Company and its . . . employees . . . from . . . any and all loss . . . arising out of or based upon any false representation or warranty by *Purchaser* . . . ." (emphasis added)); DE 46-3 at 4 ("Purchaser agrees to indemnify and hold harmless Seller and its . . . employees and agents, from . . . any and all loss . . . arising out of or based upon any false representation or warranty by *Purchaser* . . . ." (emphasis added)). And nothing in those indemnification clauses indicates that Plaintiffs intended to

indemnify Defendant from the losses he would suffer from liability for his *own intentionally tortious* conduct. These clauses, therefore, do not provide a meritorious defense.

Defendant also identifies certain "factual disputes" as meritorious defenses; he "denies [making] misrepresentations" and "assert[s] [P]laintiffs invested independently after due diligence." DE 46 at 3. Defendant does not provide any support for these factual assertions. Bare factual contentions are insufficient to meet Defendant's burden of showing a meritorious defense.

Even if Defendant had identified a meritorious defense, however, Defendant has not satisfied any of the grounds for relief under Rule 60. Defendant contends that his "excusable neglect" in defaulting provides a ground for relief from that judgment. While Defendant is correct that he neglected to respond in this matter, as was required of him, the court sees no legitimate excuse for Defendant's neglect. Rather, Defendant's conduct in this case appears to be an intentional strategy to avoid liability. Defendant had five months between his first filing and this court's entry of final default judgment against him. During that time, Defendant did not once file a responsive pleading despite several filings and orders reminding him to do so. Instead, after unsuccessfully seeking the protections of bankruptcy in another state, Defendant frivolously moved to stay the litigation against him based on that bankruptcy. Defendant was clearly aware of this matter, but instead of responding to the merits of Plaintiffs' claims, he sought to shield himself from tort liability using his bankruptcy.

Finally, Defendant has also failed to show that Plaintiffs would not be unfairly prejudiced by granting his motion. Plaintiff contends that "[v]acatur causes minimal prejudice," because "[n]o trial is set, and discovery is uninitiated." DE 46 at 4. However, that narrow argument ignores the reality of this litigation. Plaintiffs filed their complaint more than three years ago and have since been "forc[ed] . . . to chase [Defendant] into the [Florida] bankruptcy court with an adversary

proceeding," which Plaintiffs allege cost them "over $10,000." DE 47 at 1. Vacating the judgment at this point would be unfairly prejudicial to Plaintiffs, even if not outrageously so. In light of Defendants' untimely and otherwise meritless motion, that is enough.

Regarding the stipulated final judgment, the court does not consider it relevant. The legal effect of that stipulated judgment is merely that Defendant's liability from this tort action is exempt from the bankruptcy discharge. The stipulated judgment's factual findings about Defendant's tortious conduct do not bind this court. *See* Order, DE 63, *Johnson v. Fussell*, No. 7:21-cv-00196. But this court has not based its decision here in any way on that judgment. Instead, because Defendant, in an untimely motion, has neither identified a meritorious defense, convinced the court of his excusable neglect, nor demonstrated a lack of unfair prejudice, his motion is denied.

**IV. Conclusion**

For the foregoing reasons, Defendant's Rule 60 motion for relief from default judgment is DENIED. DE 45. This court's order, DE 43, and the Clerk's Judgment, DE 44, remain.

SO ORDERED this 20th day of November, 2025.

Richard E Myers II

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE